**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vasile Valy ROSCA, aka Vaslie Valy
Rosca, Defendant–Appellant.**

No. 05–10608.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed April 5, 2007.

Peter S. Sexton, Esq., Office of the U.S.
Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Daniel L. Kaplan, Esq., Osborn Maledon, P.A., Phoenix, AZ, for Defendant–Appellant.

Before: BEEZER, O'SCANNLAIN,
and TROTT, Circuit Judges.

MEMORANDUM *

Vasile Valy Rosca appeals his conviction
for conspiracy, in violation of 18 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as provided

§ 371. As the facts and the procedural posture of the case are known to both parties, we repeat them here only as necessary.

I

■ Rosca first argues on appeal that the evidence was insufficient to prove his connection to the single, overall conspiracy charged in the indictment. "We review sufficiency of evidence challenges to determine whether viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Herrera–Gonzalez*, 263 F.3d 1092, 1095 (9th Cir.2001) (internal quotation marks omitted). Where, as here, the "indictment alleges an overall conspiracy which the defendant joined after its inception, we are faced with two inquiries. The first is whether the overall conspiracy existed.... The second inquiry is whether the defendant was connected to the overall conspiracy." *United States v. Umagat*, 998 F.2d 770, 773 n. 3 (9th Cir.1993).

For purposes of this argument, Rosca concedes that the evidence proved a single, overall conspiracy. Furthermore, the district court properly concluded that the government presented sufficient evidence, when viewed in the light most favorable to the government, for a rational trier of fact to find beyond a reasonable doubt the necessary "slight connection" between Rosca and that conspiracy. We are persuaded that the witness testimony; the recorded interviews with Rosca; the insurance application for the "paper" Lexus connected to the conspiracy; the fraudulent purchase order Rosca used to support his $68,000 fraudulent insurance claim involving that "paper" Lexus; the fraudulent

titles created by co-conspirators for the two stolen vehicles Rosca possessed and the "paper" Lexus he insured, all flowing from the conspiracy; as well as other evidence presented at trial offer sufficient support for the district court's conclusion. *See United States v. Brown*, 912 F.2d 1040, 1043 (9th Cir.1990) ("Once the government has established that a conspiracy exists, evidence of only a *slight connection* is necessary to convict a defendant of knowing participation in it. . . . It is sufficient to show that each defendant knew or had reason to know of the scope of the conspiracy and that each defendant had reason to believe that [his] own benefits were dependent upon the success of the entire venture." (internal quotation marks omitted) (emphasis added)); *Daily v. United States*, 282 F.2d 818, 820 (9th Cir.1960) ("That a defendant was aware that he was not alone in plotting with common conspirators to violate the law is sufficient to raise the necessary inference that he had joined in an overall agreement.").

To prove the necessary "slight connection," the government need not show that Rosca knew all of the co-conspirators or their functions, participated in the conspiracy from its beginning, participated in all its enterprises, knew all its details, or worked with all co-conspirators in a conscious effort to achieve the desired end. *See Herrera–Gonzalez*, 263 F.3d at 1095; *Daily*, 282 F.2d at 820.

II

■ Rosca next argues that there was an impermissible variance between the single, overall conspiracy charged in the indictment and the evidence presented at trial, which he contends proved the existence of multiple, discrete conspiracies with co-conspirator Moustapha Lofti Eljammal. Our inquiry here is essentially

the same as the above sufficiency-of-evidence inquiry. *See United States v. Kenny,* 645 F.2d 1323, 1335 (9th Cir.1981). "To determine whether the evidence supports the existence of one overall criminal venture, relevant areas of inquiry include the nature of the scheme; the identity of the participants; the quality, frequency, and duration of each conspirator's transactions; and the commonality of times and goals." *Brown,* 912 F.2d at 1043 (internal quotation marks omitted). Considering these factors, we are convinced that testimony by witnesses and co-conspirators, physical evidence, and other evidence introduced at trial, when viewed in the light most favorable to the prosecution, support the conclusion that a rational trier of fact could find beyond a reasonable doubt that such a conspiracy existed. Moreover, for the reasons discussed above, we are also persuaded that the evidence was sufficient to connect Rosca with that conspiracy. Accordingly, because sufficient evidence supported a finding of a single, overall conspiracy, we discern no variance from the indictment.[1]

### III

Finally, Rosca contends that the district court erred in denying his motion to sever his trial from that of co-conspirator Eljammal. To determine whether the district court abused its discretion in denying the motion to sever, Rosca has the burden to show that a "joint trial would be so prejudicial that the trial judge could exercise his discretion in only one way." *United States*

*v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980). In other words, Rosca must "show violation of one of his substantive rights by reason of the joint trial: unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant." *Id.*

Rosca has not satisfied this demanding burden. First, contrary to Rosca's argument, an overwhelming amount of evidence did not relate *solely* to co-conspirator Eljammal. Second, we are unconvinced that the joint trial effectively deprived Rosca of the ability to present his defense. Third, the district court did not violate Rosca's Sixth Amendment right of confrontation by admitting certain statements by Eljammal, because a co-conspirator's statements made in furtherance of the conspiracy are not testimonial and their introduction does not violate the Confrontation Clause. *See United States v. Allen,* 425 F.3d 1231, 1235 (9th Cir.2005). We are not persuaded that the district court abused its discretion in denying Rosca's motion to sever the joint trial.

For the forgoing reasons, Rosca's conviction is

**AFFIRMED.**

---

1. We also note that the district court gave our model "multiple conspiracies" instruction, informing the jury that "[i]f you find that the conspiracy charged did not exist, then you must return a not guilty verdict on Count 1, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the conspiracy charged in Count 1, then you must find that defendant not guilty of Count 1, even though that defendant may have been a member of some other conspiracy." *See United States v. Olano,* 62 F.3d 1180, 1194 n. 6 (9th Cir.1995) ("We note that, even if [the defendants] had established a variance, the error was cured by the district court's instruction to the jury that it could convict a defendant only if it found that he was a member of the conspiracy charged in the indictment, regardless of whether the jury believed that the defendant was part of some other conspiracy.").